IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:09CV00683 AGF |
| TLC PHARMACY, INC., and LAURA A. SOBOLESKI, | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This diversity matter is before the Court[1] on Defendant Laura Soboleski's motion for a change of venue, pursuant to 28 U.S.C. § 1406(a) or § 1404(a). For the reasons set forth below, this motion shall be denied.

## **BACKGROUND**

This action arises out of the breach of a franchise License Agreement between Soboleski (then known as Laura Dangerfield), a resident of New York, as licensee, and Plaintiff, Medicine Shoppe International, Inc. ("Medicine Shoppe"), a Delaware corporation with its principal place of business in Missouri, as licensor. Soboleski assigned her interest under the License Agreement to Defendant TLC Pharmacy, Inc., a

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

citizen of New York. Soboleski also executed a personal guarantee of TLC's obligations, in favor of Medicine Shoppe.

The License agreement contained a forum selection clause providing that any action between the parties would be brought in this Court, unless this Court lacked jurisdiction, in which case the action would be brought in the state courts of St. Louis County, Missouri. The clause further granted Medicine Shoppe the option at its sole discretion to bring an action in the state or federal courts in which a defendant conducted business. The License Agreement also provided that any state law questions would be governed by Missouri law.

The present action was filed on May 4, 2009. In her pro se answer, Soboleski raised lack of subject matter and personal jurisdiction, and improper venue as affirmative defenses. On August 24, 2009, the Clerk of Court entered default against TLC. On March 2, 2010, the mediator agreed upon by the parties filed a report that a scheduled mediation conference was not held because Soboleski maintained that she could not afford to come to Missouri for that purpose. The mediator noted that his attempts to reach a settlement by discussing the case with the parties on the phone failed.

Soboleski filed the present motion on March 19, 2010, arguing that the case should be transferred under §1406(a) in the interests of justice, or alternatively, under § 1404(a) for the convenience of parties and witnesses. She asserts that Medicine Shoppe's claim against her does not have any connection with any business transacted in Missouri, that she and the witnesses whose testimony would be necessary on her behalf all reside in the

Northern District of New York, and that it would greatly inconvenience her to attend a trial in this Court and to assure the attendance of these witnesses.

Soboleski asserts that "one of the principal defenses" she will put forward is that it was Medicine Shoppe's actions that led to the breach of the License Agreement, which was unconscionable, and that she will need to call, at a trial, witnesses to testify about matters such as the day to day operations and the financial condition of the franchised business. Soboleski also states that New York law will govern many aspects of the case. She further attests that her financial resources are "extremely limited."

Medicine Shoppe argues that Soboleski's motion should be denied in light of the forum selection clause, which she has not asserted was invalid. Medicine Shoppe also states that Soboleski has not claimed that this Court lacks jurisdiction over the case. Medicine Shoppe argues that Soboleski's claim of witness inconvenience is belied by her answer to an interrogatory in which she stated that she was the only person who might have discoverable information to support her defense; and that Soboleski should be estopped from asserting a venue-related affirmative defense at this point in the case.

## **DISCUSSION**

The Court construes Soboleski's present motion as also raising a challenge to this Court's personal jurisdiction over her. This challenge, however, is without merit, as a party may consent to personal jurisdiction by entering into a contract that contains a valid forum selection clause. See St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc., 270 F.3d 621, 624 (8th Cir. 2001); Dominium Austin Partners, L.L.C., v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001). As Medicine Shoppe states, Soboleski has not challenged the

3

validity of the forum selection clause itself.[2] Rather, she focuses on the supposed unreasonableness and injustice of requiring her to defend this action in Missouri.

As jurisdiction is properly laid in this Court, 28 U.S.C. § 1406(a) is not applicable to the motion for change of venue. Rather, Soboleski must only rely on § 1404(a), which provides as follows: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer venue, courts engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

Factors which courts consider under the "convenience" prong include (1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. The primary consideration is the convenience of the witnesses. Id. at 696.

Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a

---

[2] Soboleski's statement that the License Agreement was unconscionable does not amount to a claim that the forum selection clause was invalid. See M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752-53 (8th Cir. 1999).

4

fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. Id.; Biometics, LLC v. New Womyn, Inc., 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000).

Federal courts generally give "considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, 119 F.3d at 695. The plaintiff's choice of forum is accorded less weight where it is not the plaintiff's residence and the defendant has had little contact with the chosen forum. Biometics, LLC, 112 F. Supp. 2d at 877. A forum selection clause is "one factor, albeit a very important one, in the overall transfer." Terra Int'l, 119 F.3d at 695.

A party seeking to avoid a forum selection clause must demonstrate "that proceeding in 'the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" Dominium Austin Partners, LLC, 248 F.3d at 727 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, (1972)). The great expense Soboleski claims she will incur if forced to secure witnesses located in New York for litigation in Missouri, falls short of depriving her of her day in court. See M.B. Restaurants, Inc.,183 F.3d at 753 (enforcing forum selection clause in franchise agreement requiring litigation in Utah, over the South Dakota plaintiff's objection that he could not afford to litigate in Utah); Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir. 1986) (upholding clause requiring Missouri company to litigate in Germany); cf. McDonnell Douglas Corp. v. Islamic Republic of Iran, 758 F.2d 341, 345-46

(8th Cir. 1985) (holding chaotic post-revolutionary conditions in Iran, including its ongoing war with Iraq, excused enforcement of clause requiring litigation there).

The Court concludes that Soboleski's allegations are insufficient to overcome the presumption of validity of the forum selection clause. Shifting the burden of inconvenience and cost from Soboleski to Medicine Shoppe is not a permissible justification for change of venue. See Medicine Shoppe Int'l, Inc. v. Tambellini, 191 F. Supp. 2d 1065, 1069-70 (E.D. Mo. 2002) (denying motion to transfer venue of breach of contract action filed by franchisor in Missouri against Washington franchisees). Soboleski's argument that New York law will govern issues in the case is without merit, in light of the above-noted provision in the License Agreement that Missouri law shall govern state law questions.

Moreover, the Court notes that the case has been pending in this Court for almost one year, Medicine Shoppe's motion for default judgment is pending against Defendant TLC Pharmacy, Inc., and a motion for summary judgment has been filed against Soboleski, to which Soboleski has not responded.[3] The Court believes that at this point in the proceedings, judicial economy would best be served by keeping the case in this Court. See Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 963 (D. Minn. 2006) (finding that interests of judicial economy were best served by denying motion to change venue that was filed after the forum court had invested time and energy in the case and transfer would result in further delay of resolution of the parties' dispute and would require another court

---

[3] Because Soboleski is proceeding pro se, and may have believed that no response to the motion for summary judgment was necessary in light of her motion to transfer venue, the Court shall grant Soboleski 21 additional days to respond to the motion for summary judgment.

to spend time to familiarize itself with issues already decided).  In sum, the Court concludes that the balancing of factors under § 1404(a) does not tip strongly in favor of a transfer, and that Soboleski has not met her burden of showing that a transfer is warranted .

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Laura Soboleski's motion for a change of venue is **DENIED**. [Doc. #43]

**IT IS FURTHER ORDERED** that Defendant Laura Soboleski shall have up to and including May 18, 2010, to file a response to Plaintiff's motion for summary judgment.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2010.