IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:09CV00683 AGF ) |
| TLC PHARMACY, INC., and LAURA A. SOBOLESKI, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Plaintiff Medicine Shoppe International, Inc. for (1) default judgment against Defendant TLC Pharmacy, Inc. ("TLC") on the issue of damages; and (2) summary judgment against Defendant Laura A. Soboleski on the issues of damages.

This action arises out of the breach of a franchise license agreement ("Agreement") between Soboleski (then known as Laura Dangerfield), as licensee, and Plaintiff, as licensor, for the operation of a Medicine Shoppe pharmacy by the licensee. The Agreement was entered on April 12, 2004, and was to run through April 12, 2024. Soboleski assigned her interest under the Agreement to TLC Pharmacy, Inc., and also executed a personal guarantee of TLC's obligations, in favor of Plaintiff. On or before December 12, 2008, TLC closed the pharmacy and Plaintiff terminated the Agreement. Plaintiff then brought this action against TLC and Soboleski for breach of the Agreement.

As provided in Paragraph K of Section 14 of the Agreement, this action is governed by Missouri law.

By order dated May 27, 2010, the Court granted Plaintiff's unopposed motion for default judgment on the issue of liability against TLC, and Plaintiff's unopposed motion for summary judgment on the issue of liability against Soboleski. Plaintiff has now submitted affidavits and documentation supporting its motions as to damages. As of this date, no response has been filed by Soboleski. Upon review of the record, the Court makes the findings and conclusions set forth below.

### a. Past Damages

Paragraph C of Section 6 of the Agreement provided that TLC pay to Plaintiff monthly license fees, calculated as a percentage of TLC's monthly "gross sales volume." Paragraph B of Section 8 of the Agreement provided that TLC pay to Plaintiff $200.00 each month in marketing fees. Paragraph A of Section 13 of the Agreement provided that TLC pay Plaintiff within 15 days of termination "all amounts due to [Plaintiff] and any interest due thereon."

Pursuant to these provisions, Plaintiff requests past due license fees in the amount of $89,317.24 and interest accrued thereon in the amount of $33,870.05; past due marketing fees in the amount of $1,576.47 and interest accrued thereon in the amount of $563.76; and "other billables" past due in the amount of $2,082.58 and interest accrued thereon in the amount of $925.63. Plaintiff has provided proper documentation supporting its claim for these damages, and the Court concludes that Plaintiff is entitled to them.

**b. Future License Fees**

Plaintiff also requests "future license fees" in the amount of $748,029.00, the present value of the license fees it expected to receive from Defendants had the Agreement run its full 20-year term. This amount, calculated by Plaintiff's Audit Supervisor, used TLC's actual average monthly sales volume as a baseline and assumed a 5.79% decline each year through the end of the 20-year term. The resulting figure was then discounted to present value at the Treasury Yield rate (4.46%).

The question of whether a licensor may recover future license fees from a licensee following the termination of the license agreement has not yet been decided by Missouri courts. This Court concludes that a Missouri court would decide that Plaintiff is not entitled to recover future license fees. Under Missouri law, generally, "[l]ost profits related to a breach preventing performance are recoverable provided the loss is the natural and proximate result of the breach, is ascertainable with reasonable certainty, is not speculative or conjectural, and was within the contemplation of the parties when the contract was made." Farmers' Elec. Co-op., Inc. v. Mo. Dep't of Corr., 59 S.W.3d 520, 522 (Mo. 2001) (en banc).

Here, nowhere in the Agreement is it evident that either party contemplated the payment of future license fees in the event of termination. Section 13, which specified the rights and obligations of both parties upon termination of the Agreement, contained two relevant provisions. Paragraph G provided that "[a]ll . . . obligations which expressly or by their nature survive the . . . termination of this Agreement shall continue in full force and effect subsequent to and notwithstanding its . . . termination." The Agreement

3

does not expressly provide that the licensee's obligation to pay license fees survives termination. The only provision of Section 13 that addressed amounts to be paid by the licensee upon termination is Paragraph A, quoted above, which concerns only fees already owed to Plaintiff at termination.

Furthermore, the Court finds no support for the proposition that TLC's obligation to pay license fees, "by its nature," survives the termination of the Agreement. Thus, Plaintiff has not supported its assertion that it is entitled to future license fees, and none will be awarded. See Meineke Car Care Ctrs, Inc. v. RLB Holdings, LLC, No. 3:08CV240-RJC, 2009 WL 2461953, at *5-7 (W.D.N.C. Aug. 10, 2009) (awarding past due license fees but denying future license fees, as they were not provided for in the license agreement and thus not contemplated by the parties); but see Maaco Enters., Inc. v. Cintron, No. CIV.A. 99-CV-5935, 2000 WL 669640 (E.D. Pa. May 17, 2000) (awarding future license fees on default judgment despite lack of contractual provision).

**c. Attorney's Fees and Costs**

Paragraph K of Section 14 of the Agreement stated that "[t]he party prevailing in any proceeding . . . shall be awarded its costs and expenses including . . . attorneys' fees." Pursuant to this provision, Plaintiff requests billed attorney's fees in the amount of $23,526.89, incurred attorney's fees in the amount of $1,190.40, and costs in the amount of $789.32. Plaintiff has provided documentation supporting its assertion that it is entitled to these attorney's fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment on the issue of damages shall be **GRANTED** as to each Defendant, jointly and severally, in the amount of $128,335.73 in actual damages, $24,717.29 in attorney's fees, and $789.32 in costs. [Docs. #44 and #47]

All claims against all parties having been resolved, an appropriate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2010.